UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
MARVIN OWENS                                                       :
                                                                   :
                                     Plaintiff,                    :
                                                                   :       **INITIAL REVIEW**
            -against-                                              :       **ORDER**
                                                                   :
STATE OF CONNECTICUT, et al.,                                      :       3:24-cv-79 (VDO)
                                                                   :
                                     Defendants.                   :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Marvin Owens is an inmate in the custody of the Connecticut Department of Correction ("DOC") and incarcerated at the Bridgeport Correctional Center ("BCC").[1] He brings this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 for violation of his constitutional rights against the State of Connecticut; Office of the Public Defender; Public Defenders Mathis, Koetsch, Day, Brown, and Ruane; the Ruane & Ruane Law Firm; State's Attorneys Miller, Kehoe, Coyne, and Dejoseph; Supervisory State's Attorneys Corradino and Griffin; and State Superior Court Judges Hernandez and Russo. (Compl., ECF No. 1.) Plaintiff sues defendants in their individual and official capacities.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff was admitted to DOC on September 2, 2022 and sentenced on November 2, 2023. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253736.

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the amended complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.  **FACTUAL BACKGROUND**

While the Court does not set forth all of the facts alleged in Plaintiff's Complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff was arrested and criminally charged in Fairfield County, Connecticut. (Compl. at 3.) Despite Plaintiff's election to proceed as a self-represented defendant in his criminal case, Defendants Mathis and Koetsch added their names to the criminal docket as his counsel. (*Id.*) Defendants refused to remove their names from the docket and continued to represent Plaintiff. These Defendants withheld exculpatory evidence from Plaintiff. (*Id.* at 3-4.)

Later, "[l]ead counsel" of record interfered with Plaintiff's appeal, had the paperwork forwarded to his office, and failed to inform Plaintiff. Plaintiff contacted Chief Public Defender Day but he failed to respond. (*Id.*)

In 2022, Plaintiff requested Public Defenders Mathis and Paris to remove their appearances from his criminal matters, but they refused to do so. Plaintiff informed Chief Public Defender Day of their illegal representation. (*Id.* at 4.)

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the Court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73,

79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III.    DISCUSSION

Plaintiff's Complaint asserts claims of Fourteenth Amendment and Fourth Amendment due process violations. (Compl. at 3-4.) Plaintiff cannot, however, assert any cognizable claims under section 1983 in this case.

#### A.    Section 1983 Claims Against Private Parties

Plaintiff's Complaint indicates that he is bringing claims against Public Defenders Mathis, Koetsch, Day, Brownm and Ruane, and against the Ruane & Ruane Law Firm in connection with their representation of him in criminal matters.

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983). Accordingly, a plaintiff must show a violation of a federally protected constitutional or statutory right which was the result of state action, or action "under color of law." *See Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994). A court-appointed attorney "performing a lawyer's traditional functions as counsel" to a party is not a state actor

4

under section 1983. *Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019), *cert. denied*, 141 S. Ct. 434 (2020); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *Barfield v. Milling*, No. 3:14-CV-914 (VAB), 2015 WL 1737671, at *4 (D. Conn. Apr. 16, 2015) (collecting cases). Likewise, an attorney who serves as a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a criminal defendant. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981). Accordingly, Plaintiff cannot state a cognizable claim under section 1983 against any public defender.

Although any private attorney would not generally be liable under section 1983, the Court considers whether Plaintiff may bring his claims against a private party on the basis of any alleged conduct that may be considered state action. *See United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). To show that the actions of a private party may be attributable to the state, thereby making the private party subject to liability under section 1983, the plaintiff must show: "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff has not alleged any nonconclusory facts to show that Public Defenders Mathis, Koetsch, Day, Brown, and Ruane, or the Ruane & Ruane Law Firm engaged in conduct that could be considered fairly attributable to the state. No allegation suggests that his appointed counsel was compelled by the State to take the actions of which Plaintiff complains; that there was a sufficiently close nexus between the State and conduct by Public Defenders Mathis, Koetsch, Day, Brown and Ruane, and the Ruane & Ruane Law Firm; or that the conduct consisted of activity that has traditionally been the exclusive prerogative of the State. *See Hogan*, 346 F. App'x at 629.[2] Accordingly, all claims for damages under section 1983 against these Defendants are dismissed as not cognizable. *See* 28 U.S.C. § 1915A(b).

### B.   State of Connecticut and Office of the Public Defender

Plaintiff names the State of Connecticut as a defendant. It is well established that neither the state, a state agency, nor a division of a state agency are considered persons within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state and state agency are not persons within the meaning of section 1983). Additionally, the Connecticut Office of the Public Defender is not considered a person under 42 U.S.C. § 1983. *See Franklin v. Chenango Cnty. Pub. Def.'s Off.*, No. 3:18-CV-0865 (BKS) (DEP), 2018 WL 4288620, at *4 (N.D.N.Y. Sept. 7, 2018) (Office of the Public Defender is not a person under section 1983). Accordingly, the Court dismisses as not cognizable all claims

---

[2] Likewise, Plaintiff has not alleged facts to indicate that these Defendants engaged in a conspiracy with state actors so as to support a claim of state action for a section 1983 claim. *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 940 (E.D.N.Y. 1999) (plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy.").

under section 1983 against the State of Connecticut and the Office of the Public Defender. *See* 28 U.S.C. § 1915A(b).

      **C.**     **Judicial Immunity**

To the extent Plaintiff asserts claims of constitutional violation against Connecticut Superior Court Judge Hernandez and Russo, such claims are barred by judicial immunity.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)), whether they are sued in their individual or official capacities. *Szymonik v. Connecticut*, No. 3:18-CV-263 (MPS), 2019 WL 203117, at *7 (D. Conn. Jan. 15, 2019), *aff'd*, 807 F. App'x 97 (2d Cir. 2020).[3] Judicial immunity applies "unless the conduct alleged is non-judicial or is in the clear absence of jurisdiction." *Manhattan King David Rest., Inc. v. Blackshear*, 101 F.3d 685, 1996 WL 280538, at *1 (2d Cir. 1996). Acts "arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Judicial immunity "is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 209 (internal citation omitted). Therefore, "even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

Here, any claims under section 1983 against Judges Hernandez and Russo are plainly barred by judicial immunity. Plaintiff alleges no specific allegations about Judges Hernandez

---

[3] Moreover, 42 U.S.C. § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

and Russo except by indicating they were involved with his prosecution. (Compl. at 7.) Thus, his complaint against Judges Hernandez and Russo pertains only to their judicial acts. No allegations suggest that either judge took any action in the clear absence of jurisdiction. *See Pappas v. Lorintz*, 832 F. App'x 8, 12 (2d Cir. 2020) (affirming dismissal of claims that judge violated plaintiff's Fourteenth Amendment due process and equal protection rights by issuing "gag order" and financial restraint on bank account in a state court divorce proceeding because the judge "operated in his judicial capacity at all times"); *Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP*, No. 20-CV-9784 (PGG) (KNF), 2021 WL 4700543, at *8 (S.D.N.Y. July 6, 2021) ("It is clear from the face of the complaint that the plaintiff's claims are based on the defendant's judicial acts taken pursuant to her judicial power and authority, namely, making determinations and issuing orders in the matrimonial proceeding to which the plaintiff is a party."), *report and recommendation adopted*, No. 20 Civ. 9784 (PGG) (JW), 2022 WL 901660 (S.D.N.Y. Mar. 28, 2022); *Buhannic v. Friedman*, No. 18-CV-5729 (RA), 2019 WL 481732, at *5 (S.D.N.Y. Feb. 7, 2019) (finding that judge's "decisions to deny [the plaintiff's] various motions in the State Action [were] quintessential judicial acts"). Accordingly, all claims against Judges Hernandez and Russo are dismissed. *See* 28 U.S.C. § 1915A(b).

D.   **State's Attorneys**

Plaintiff alleges that State's Attorneys Miller, Dejoseph and Kehoe maliciously prosecuted Plaintiff because they knew Plaintiff could not have committed the charged offenses. (Compl. at 7.) But Plaintiff cannot proceed for damages under section 1983 against these defendants who allegedly served as prosecutors in his criminal matters. Prosecutors, acting in their discretionary roles in connection with a criminal proceeding, are entitled to absolute immunity from suit. *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A

prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process.") (internal citation and quotation marks omitted).

Plaintiff names Defendants Griffin and Corradino. He alleges that they were the supervisors of State's Attorneys Miller, Dejoseph, and Kehoe and were informed of their conduct. But he has not alleged facts describing what acts Griffin and Corradino committed to violate his constitutional rights. A plaintiff seeking relief under § 1983 must allege facts showing the defendants' personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability"). *See also Darby v. Greenman*, 14 F.4th 124, 130 n.6 (2d Cir. 2021) (the court cannot "speculate about unpleaded facts that might be favorable to the plaintiff"). Accordingly, Plaintiff has not alleged any claim for damages against the Defendants Griffin and Corradino.

In addition, State's Attorneys are state officials entitled to Eleventh Amendment immunity from federal court proceedings. Thus, to the extent Plaintiff asserts official capacity claims for monetary damages against any defendant who is a State's Attorney, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity only to the extent he alleges an ongoing federal or constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing

*Ex parte Young*, 209 U.S. 123 (1908)). Here, Plaintiff has not plausibly alleged that he is subject to an ongoing violation of his federal or constitutional violation.

Accordingly, Plaintiff's section 1983 claims against State's Attorney Miller, Dejoseph and Kehoe and Supervisory State's Attorneys Griffin and Corradino in their official capacities are not plausible and must be dismissed. *See* 28 U.S.C. § 1915A(b).

## IV. CONCLUSION

Plaintiff's Complaint is **DISMISSED** for failure to state any plausible claims under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b). The Clerk is directed to close the case.

**SO ORDERED.**

Hartford, Connecticut
April 11, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge